Good morning, Your Honors, and may it please the Court, my name is Sabrina DeMast and I represent the petitioner in this matter, Samuel Luna. I respectfully request reserved two minutes for rebuttal. Your Honors, the Court should grant the petitions for review in these matters for three reasons. First, the agency's nexus analysis as it relates to withholding of removal cites the wrong standard of review, or excuse me, the wrong legal standard, and it is unclear if the Board applied the proper standard of review in light of this Court's recent decision in Umania-Escobar v. Garland. Second, with respect to the motion to reopen, the agency failed to analyze the request for equitable tolling for a statutory motion to reopen. And third, Your Honors, the petitioner's conviction is no longer considered a crime of violence, and it is not futile to remand on that ground. Your Honors, with respect to the nexus determination on the withholding of removal application, the Board of Immigration Appeals cited the one central reason standard in its decision on the direct appeal, and that can be found in the administrative record in the 2015 petition at page 41. Of course, in light of this Court's subsequent decision in Barajas-Romero, that is the incorrect legal standard for nexus and withholding of removal. It should be a reason instead of one central reason. In addition, Your Honors... Just a minute, please. Yes, Your Honor. You're right that they cited an erroneous standard, but they also said that essentially that it wasn't a motive at all. Your Honor, I think it is unclear if they are saying it's not a motive at all or if it's simply not a strong enough set of evidence to reach a one central. In the absence of a motive based on an enumerated ground for asylum, the activities of a criminal group do not constitute persecution. That is a standard of law that they are citing. I don't think part of the analysis in this case, but even if it is, Your Honor, I think this leads to the second problem, which is that this Court very recently clarified a sort of internal inconsistency in its own case law about whether or not the Board is meant to review an IJ's nexus determination under the substantial evidence standard or under the de novo standard. And in the Umanya Escobar case, this Court settled that the Board is meant to apply a de novo review to an IJ's decision. It, I think, is very at clear that the Board is applying a de novo review here and quite likely it is applying a substantial evidence review. What language leads you to that conclusion? There is no specific language, Your Honor. I think it's kind of looking at it as a whole because it talks about agreeing with the IJ's factual determinations. That very much, to me, rings of a substantial evidence type of review. Well, I mean, in Umanya Escobar, there was language, like a clear error language, that I think the Court in that case picked up on and that's what created the ambiguity there. But I didn't see that kind of language here. Your Honor, it's true that they neither say they're applying a de novo review nor a clear error review. But I think for that alone, since this case is 10 years old and certainly in 2013, the Board did not have the benefit of the Umanya Escobar decision, that remand is appropriate for the Board to clarify, one, if it's applying the correct standard of review of de novo review, and two, if it is then analyzing it using the Barajas-Romero one standard. Why has this taken so long to litigate here on appeal? I mean, this is the case with the 2013 docket number. I don't know, Your Honor. The second fishing review is a 2015 docket number. There were calls for supplemental briefing on the crime of violence issue by the Court. Why it has taken so long, I assume, is just an issue of Court docket management. I have a related question, which is why did it take until yesterday or the day before for you to send us all this information about the vacating of the conviction and the child's autism and so on? Your Honor, so the motion to reopen, so the child's autism diagnosis is very new. It was in the last six weeks, I think, maybe eight weeks. The motion to reopen was filed at the beginning of August. I did file a motion very shortly thereafter within about a week with the Court requesting that the petition be held in abeyance. I, by error, did not attach, and I take full responsibility for that, a copy of the motion. It should have been attached to the motion for holding in abeyance. I will note that in my conversations with counsel for the Department of Justice, I did email her the full filing of the motion. I don't think there's prejudice to the respondent. Well, it's not just, frankly, it's not just, I mean, we've received from both sides over the course of the summer 28 letters on cases that have been decided a long time ago. Your Honor, I understand that Barajas-Romero, for example, is not new. I think Umania is much newer. I think one of the things about getting scheduled for oral argument on a 10-year-old case is you go back and look and realize how much has changed in 10 years and start to think about that. I apologize for not being sooner to the Court and for not having attached it to the motion. That is my error. So your other issue is the fact that he was said to have committed a crime of violence and the crime is no longer a crime of violence, but it is a theft offense and therefore an aggravated felony. So the question is, what would be the point of a remand? Well, Your Honor, I think you've touched on it. The conviction doesn't exist any longer, right? That is the point of a remand, right? There's nothing futile about remanding. But that's not in either of the cases before us at this point. Have you talked to the, and I'm going to ask this also, is there any chance that setting this case to mediation would be fruitful? Your Honor, I did speak with counsel for the government about their position on holding an abeyance. I'm not sure we dug in specifically to the question of mediation. I'm certainly amenable to some alternative form of resolution. I think the other answer, though, to your question, Your Honor, about the futility argument is the 28-J letter FOBAR responded on U.S. v. Martinez-Hernandez, which is the case that finds 211 to be a theft aggravated felony, is very careful to distinguish what this Court would have been aggravated felony ground if the case had come up on a petition for review of an agency and decision, which is what the posture of this matter is. Martinez-Hernandez was challenging an illegal reentry conviction on appeal. But this Court was very specific in its analysis that if he had been directly challenging an agency decision on the crime of violence, that the Chenery Doctrine would have prevented the Court from substituting. Even the conviction aside, even if we could get past the issue Judge Berzon raised, we do have the decision from the BIA on the denial of a motion to reopen, where they say, well, we don't even need to get into this because you'd be ineligible for asylum anyway, based on the lack of a nexus. So what, even if we could hack our way through the criminal conviction issue, isn't the end game? The BIA would say there's no nexus. They've already told us that's what they would say. Your Honor, I think this gets back to the Emanu-Escobar problem, which is the, first of all, I think the board, the IJ only actually denied asylum on aggravated felony without analyzing nexus. Now, to the point that there was a nexus analysis to the withholding and perhaps one relates to the other, I think this gets back to the issue of the Emanu-Escobar standard of review. If the board did not apply a de novo review to nexus at all, whether it applies to withholding or asylum. That seems to me is your weakest point, because to me, when he says we agree with the immigration judge, they're not, they are playing a de novo standard. They're not saying we're deferring to the immigration judge. They're saying we agree with the immigration judge. So if anything can be gotten out of this language, it's that they were separately deciding the same thing, not that they were deciding it because it was what he decided. Your Honor, I see I'm within my time. I reserved for. Why don't you go ahead and please answer and then we'll give you time for rebuttal. Thank you, Your Honor. Your Honor, I understand the court's point. I think that the bottom, that at the end of the day, the language isn't clear about what standard of review is being applied. And since Emanu-Escobar is new case law from this court, and just in 2021, this court had said in Garcia versus Wilkinson, that it was acknowledging its own case law was unclear on whether the board should be applying de novo or substantial evidence review. It is, I think the most prudent thing to do is to remand now that there is a clear answer on the appropriate standard of review for the board to apply it. And then to come back and say, having applied de novo review and having applied the a reason standard for the withholding, here's our conclusion on nexus. Here's our conclusion on nexus for asylum now that there's no criminal bar. And of course, now that it's on remand, you know, in this scenario, all of the evidence that has been filed with the motion to reopen about the child's autism, the eligibility for cancellation of removal, also becomes something for the board on a direct remand to consider in addition to the eligibility for asylum and withholding. Okay, thank you, counsel. We'll give you two minutes for rebuttal when you come back. Thank you. And we'll hear from the government. Good morning. May it please the court. This is Dana Camilleri for the Attorney General. Although this case, or the consolidated petitions for review, speak into the microphone a little more clearly, please. Thank you. Is this better? I'll try. Okay. Although these petitions for review have been pending for a substantial amount of years, and there is some intervening case law, remand is inappropriate because there is no nexus in this case. That was a clear finding from the board. And Barajas being applied wouldn't change the result. Tellingly, Petitioner's counsel doesn't point to anything in the record. We don't apply a harmless error standard in immigration cases, except extremely rarely because of Chenery. So unless we can tell from the opinion that they were essentially, despite citing that case, were really holding that there was no motive, then we would remand. So how would you tell from the opinion that that's what they were saying? I would say that in the absence of a motive based on an enumerated ground, the activities of a criminal group do not constitute persecution. They go on to say that the family membership is unpersuasive, given that the sister and the cousin remain there. And just looking at the board decision as a whole, it's clear that they found no nexus and not that they didn't find the one central reason. And at the time, it was an error. They're simply citing to what was controlling case law then. But the analysis itself says no nexus. And we think that that should should be enough to. I know it's not in this case, but would it make any difference if the conviction has now been vacated? No, your honor. And I don't want to go too far down that road because it's not even clear that it will be accepted as a vacature for immigration purposes. It goes to his eligibility for relief. He is removable regardless. And it's up to the board to decide in the first instance whether this was a substantive vacature or not. And I believe that's still an area in flux. Would you be amenable to mediating this case, given the fact that there was another opening petition pending, which actually appears to have at least somewhat more likely merit than the other ones? Would it make more sense to try and wrap this whole thing at once, wrap this whole thing up once? Respectfully, your honor, under IANIAN, we don't see how mediation would be appropriate, particularly given the protracted amount of time this these petitions have been pending. But that's not been due to any fault of the petitioners, right? I mean, partly it's because the law kept changing. IANIAN said that the government has other levers other than mediation and that leaving a case in mediation that's already been scheduled for oral argument is inappropriate to wait for a motion to reopen with the board. It was a very similar situation. If a case has been scheduled for oral argument, it's inappropriate to have mediation? Your honor, this court's decision in IANIAN said that. Clearly, it's a published decision. I'm sorry, we do that all the time. In some cases, we ask for mediation if the government is willing to do it. So that doesn't seem appropriate to me. We don't think it's appropriate in this case. Okay. It's a sua sponte motion to reopen. He has to go through many levels of discretionary judgment by the board. And again, it's really unclear whether the vacature was substantive. He was also at the time that they did the vacature. But the net result is that in the meanwhile, while the case is pending before the board, he could be removed. Is that right? That's possible. Are there any other questions for me? Have you spoken to anybody else at the Justice Department about the possibility of mediation or is this your judgment? Your honor, I did speak with them before I responded to the motion to place an abeyance. And we felt for the reasons that were set forth in our opposition that it was inappropriate given this court's case law. I still am having trouble hearing you. So I'm struggling. Speak up just a little bit for us. I'm sorry. Is this better? Yeah. Okay. My apologies. For the reasons that we set forth in our opposition, we felt it was inappropriate to request mediation at that time. Did we have a motion to mediate? There was a motion to place an abeyance or mediation. I see. Okay. I have a question. Yes, your honor. Counsel, what's your response to opposing counsel's argument that the BIA failed to analyze the equitable tolling argument? It was an untimely motion to reopen, not based on anything that would relate to equitable tolling. It's a little confusing to bring that up at this point. And as the board stated, which is another, the board's footnote saying that there was no nexus. And so seeking asylum would be futile at that point. It's just another reason why support that the board did find no nexus and not an insufficient nexus. Seems there may not be more questions for you, but let me check with my colleagues before you sit down. What is the equitable tolling argument? I am not entirely sure, to be honest with you. It was denied as untimely and... I'll ask petitioner's lawyer. Okay. Thank you very much. Thank you, Ms. Camilleri. And actually, I do have another question. What about this problem about the fact that the conviction was determined to be a crime of violence, which we know now that it is not. It appears to be a theft offense, and therefore an aggravated felony for that reason. But that's not what the board decided. Does that matter? Your Honor, we would say that it doesn't. The difference is we're not saying he's removable because of his conviction. That charge of removability did go away after... So you're saying we're just looking at the nexus question? Well, yes, we're looking at the nexus and also his eligibility for relief, which is his burden of proving. And our point was that... You're essentially abandoning the conviction. And if you're abandoning the conviction... No, Your Honor, we're not abandoning the conviction. Well, then what do you mean by saying it doesn't matter? We're saying that if this went back down, he would still be ineligible for asylum. For the purposes of these petitions for review, he was convicted of that crime. We don't know what the board will say about the vacature. I don't know what the board will say about the fact that he was salvaged... No, I'm talking about the fact that the crime... The crime appears now to be an aggravated felony, but for a different reason than the reason that the board held. Right. So he would still be ineligible for asylum. But it was for a different reason. So you're imposing counsel arguments correctly that in the case that held that it was a theft crime, they also said that if it had been a... If the case had been directly on a petition for review, there would have been a generic problem with relying on the conviction which was for a different reason held to be an aggravated felony. So the question is, is that a basis for remand? The fact that it was not... It was held to be an aggravated felony for a different reason. Now, I thought you answered me and said, well, we're not relying on the conviction, but now you're saying you are relying on the conviction. I think there are two arguments. One, in that case, they were talking about removability and what was charged in the NTA when they said that they would not have found that he was removable based on something not charged in the NTA. But here we're talking about eligibility. The burden shifts from DHS. It's on him to prove eligibility. But why does that matter for Chenery purposes? He would still be ineligible. Okay, he would still be ineligible, but that wasn't what the board held. They held he was eligible for a different reason. Slightly different reason. Then our second argument is that even on remand, since he could not show nexus, he still can't show nexus for asylum. So that walks away from the conviction. Either way... So, you're essentially saying forget about the conviction. No, Your Honor. I'm saying there are two alternative arguments. But the first reason, at least insofar as you've articulated it, doesn't work very well. You would have to say therefore it has to be the second reason that he still doesn't show a nexus. Your Honor, I think either reason is appropriate. And if Your Honor likes the second reason better, that's completely fine. We win either way, is our point. It's futile to send it back down because he's still not eligible for asylum. And even if he were eligible for asylum, it's clear that he could not show a nexus. He hasn't shown a nexus. And I think that's really laid bare by the fact that even in the 28 J's yesterday, Petitioner's Counsel is not arguing that there's compelling evidence of nexus. Instead, it's all about this intervening case law that we think does not have any impact on the actual outcome of these cases. One last point. Does the conviction matter? The aggravated felony matter only for asylum and not for withholding? Right. They did not make a particularly serious crime finding. Thank you. Thank you. Rebuttal. Yes, Your Honors. I'd be happy to answer the questions that Judge Berzon and Judge Rollins had had about the basis of the equitable tolling argument in the motion to reopen. The motion to reopen cited what was then a barely two-month-old Supreme Court decision in Johnson versus the United States, which was the first in a line of cases on the 16B part of the crime of violence. The non-elements part of the crime of violence definition being unconstitutionally vague. And so because the motion to reopen premised that the denial of asylum was only because of the aggravated felony conviction and that the conviction would no longer be considered an aggravated felony because of the Johnson decision, it sought equitable tolling because the Johnson decision was only two months old. In fact, in some ways it was a very prescient motion to reopen because DiMaio, which would be the decision that would then bring that unconstitutionally vague argument into the immigration sphere, hadn't even been decided yet. It wouldn't be decided by the Supreme Court for several years thereafter. But that is a pretty significant timeline to bring a Supreme Court issue, a decision that makes you eligible for relief that you were not previously eligible for. But their ultimate conclusion was it all doesn't matter because it didn't demonstrate nexus for purposes of asylum. And the arguments you're making about nexus don't apply to asylum. Your Honor, the IJ's decision on asylum didn't address nexus at all. It only addressed the aggravated felony ground. So the only nexus analysis from the agency is for the So I do have the ruling on the motion to reopen that specifically says the respondent argues that a remand is warranted because recent case law alters the analysis pertaining to his conviction. We need not address this argument because the respondent has not addressed the IJ's dispositive finding that he did not demonstrate that his fear of returning to Mexico was based on an enumerated ground in the act. As such, the respondent remains ineligible for asylum regardless of any alleged change in law. So you would have to give us an argument as to why remand wouldn't be futile notwithstanding this clear statement. May I answer? Of course, yes. I have two responses to Your Honor's questions. First of all, I think the board is mischaracterizing the immigration judge's decision on asylum. The immigration judge's underlying decision on asylum says nothing about nexus. It says the respondent No, but the withholding does. The withholding does, Your Honor. But we now know, I hate to be a broken record, but we now know that withholding and asylum have different standards for nexus. Yes, but the asylum standard is the one that he applied. I'm sorry. The one that they applied to the withholding. But then we have the issue of whether or not the board applied the right standard of review in reviewing the IJ's decision on nexus. So I still think that's infected by that. One last question. If this is all if the basis for the denial of reopening is correct then isn't the whole question of the viability of the conviction out of the case? It doesn't matter. I'm sorry, Your Honor. Can you repeat your question? Yes. You say the conviction has been vacated. Yes, Your Honor. It doesn't seem to make any difference because it's not being relied upon to remove him and he would be denied asylum anyway on a nexus ground if he would be. So the fact that the conviction has been vacated appears to have no role in the case at this point. Is that correct? So Your Honor, if we assume the nexus determination was proper. So I think this actually relates to my second point that I wanted to make to Judge Brass' question. I don't think that I quite agree with the position of the Attorney General that everything happening right now in the pending motion to reopen is beyond the scope of what this court can consider if the question of futility of remand is still being pressed by the government, which I think it is. There's precedent in this circuit Lysing v. INS 124 F. 3rd 1996 Oh, excuse me, 996 It's a 1997 decision and I think it can be read to give the court the ability to take judicial notice of records before the agency that relate to a petition for review. But that's my point. My point is that the if the nexus holding were correct then the record before the agency with regard to the conviction would be irrelevant. That I don't agree with, Your Honor, because the record before the which seeks reopening for cancellation of removal. I know. That isn't related to anything in this case. So cancellation of removal was a form of relief stated by the petitioner's counsel at his initial master calendar hearing in this matter. It was not filed, presumably, because of the conviction in the matter. That's a future petition for review. That's not in front of us. Your Honor, but I think the question of futility really asks if we, meaning if you the court, remand this case is there any possibility of a different outcome on remand to the agency? Well, there isn't in this case. On remand, if this case is remanded to the agency, the agency is obligated to treat the pending motion to reopen as a motion for remand to the IJ. It's now not a question of an untimely sua sponte motion to reopen before the agency. It's now a question of a motion to remand that doesn't have a timeliness factor built in and if there is new evidence of eligibility for relief, the board is required to remand to the immigration judge. So I think that the interesting part about a futility argument is it sort of requires the court to look outside of the record before it to determine whether or not the agency would have to come to the same conclusion that it comes to now. I don't think that's right. I mean, I don't think we're going to look outside the record before us. We have to deal with the record in front of us. Your Honor, I understand the court's position. I still think that given the legal errors that were committed by the board in the petitions that are before the court, there is good cause for, or there's not just good cause, I think there's a necessity to remand because you have a decision that cites the wrong legal standard and is unclear about the standard of review the board is applying and in the intervening years, you have a binding decision from this court that is clarifying what that standard of review should be and I think the only way to be sure that the board is applying that standard is to remand for them to apply the standard articulated in Umania to the nexus determination as it applies to both asylum and withholding in this matter, at which point the fact of the vacature does become relevant because the conviction was a separate bar to asylum. Okay, I think we have your argument and we let you go a little over so thank you very much to both council for your presentations this morning and this matter is submitted. Thank you, your honors.
judges: BERZON, RAWLINSON, BRESS